### Love, Superintendent of Banks, *v.* Mangum.

(Division B. June 8, 1931.)

[135 So. 223.  No. 29399.]

Butler & Snow, Flowers, Brown & Hester and **Geo. T. Mitchell,** all of Jackson, for appellant.

Butler & Snow and **Flowers, Brown & Hester,** all of Jackson, for appellant.

Earle N. Floyd, of Jackson, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellee filed his bill in the chancery court of Simpson county against the appellant, Love, superintendent of banks, for a mandatory injunction, requiring appellant, who was liquidating the affairs of the insolvent D'Lo Guaranty Bank, of which bank appellee was a depositor at the time of its failure, to issue to appellee an interest-bearing guaranty certificate for the amount of his deposit, as provided by law prior to the going into effect of chapter 22 of the Laws of 1930, instead of a noninterest-bearing certificate, as provided by the latter statute. The cause was heard on bill, answer, and agreed facts, resulting in a final decree in favor of appellee. From that decree appllant prosecuted this appeal.

The D'Lo Guaranty Bank was a state bank; it failed and went into liquidation on the 14th day of April, 1930. Appellee was a depositor in the bank, and held a certificate of deposit for fifteen thousand dollars, which certificate was dated December 31, 1929, and payable six or twelve months after date, at the option of appellee. If payment was demanded at the end of six months, the certificate was to bear interest at the rate of three and one-half per cent per annum; if at the end of twelve months, it was to bear four per cent interest per annum. After the failure of the bank, when its affairs had gone into the hands of appellant for liquidation, appellee demanded of appellant that the latter issue to him an interest-bearing guaranty certificate, as provided by law prior to the adoption of chapter 22 of the Laws of 1930, which went into effect on the eleventh of March of that year. Appellant refused appellee's demand, and offered to issue to him a noninterest-bearing certificate, as provided by section 6-B of chapter 22 of the Laws of 1930, which provides as follows:

"That said depositor's protection fund for the year 1930 be applied to the payment of depositors in sums representing their respective losses through failed banks for that year. If said application of said fund is insufficient to take care of said losses to depositors in failed banks for the year 1930, then said application of said fund shall be determined on a pro rata basis, namely, each depositor of each bank operating under this Act and failing in the year 1930, and after this Act becomes effective, shall participate in said depositor's protection fund in the proportion that depositor's individual loss, after the liquidation of the failed bank carrying depositor's deposit, bears to the total losses of all depositors as determined and shown after the liquidation of each failed bank, for that year. If a deficit occurs in the depositor's protection fund for that year, said deficit shall not be carried into any succeeding year. If a surplus is shown, said surplus shall be carried into the succeeding

year. It shall be the duty of the superintendent of banks, immediately after taking charge of any insolvent bank, to issue noninterest-bearing certificates to each depositor of each failed bank for the amount of the depositor's deposit entitled as now provided by law, to participate in the depositor's protection fund. Subsequent to the year 1930 the assessments for the depositor's protection fund are to be continued, to be made annually, until such time as outstanding or present guaranty certificates are paid in full, as provided in this Act, and each year's distribution or application of said depositor's protection fund shall be made in accordance with the plan set out in this section for the year 1930.''

Appellee challenged the constitutionality of chapter 22 of the Laws of 1930 upon various grounds, all of which except two, were decided against him in City of Jackson v. Deposit Guaranty Bank & Trust Co. (Miss.), 133 So. 195. For a history of the state bank guaranty legislation, reference is made to the opinion in that case. As we understand, the two grounds which were not disposed of in that case, upon which the constitutionality of chapter 22 of the Laws of 1930 are challenged by appellee, are, first, that the act impairs the obligation of the contract embodied in appellee's certificate of deposit, in contravention of section 16 of the state constitution, and of section 10 of article 1 of the constitution of the United States; and, second, that appellee had a vested right, when the law went into effect, to have issued to him, under the old law, an interest-bearing guaranty certificate, which was taken away from him by the new statute, thereby depriving him of a property right in violation of the due process provisions of the constitutions of the state and of the United States (Const. U. S. Amend. 14, sec. 1; Const. Miss. 1890, sec. 14).

In view of a decision of the supreme court of the United States, and of the state of South Dakota, to be presently cited, the principles laid down in which we fully approve

as being sound, and controlling of the questions here involved, we think there is little, if anything, further to be said, except to call attention to those cases. The suspended Bank Guaranty Law provides for a fund to be raised by assessment upon all state banks; this was evolved as a safeguard for depositors in the banks. It was a police regulation, "the sanction of which lay in the constitutional power of the state, and not in contract." A duty arising by operation of law is not a contract, in the sense of the constitution. Generally citizens of a state have no vested rights in the existing laws of the state which will preclude their amendment or repeal. There is no implied promise of the state to protect its citizens against incidental injury occasioned by a change in its laws. Appellee had neither a contract right, nor a vested right, under the suspended guaranty statute. Abie State Bank v. Weaver, 51 S. Ct. 252, 75 L. Ed., page —; State v. Smith, State Supt. of Banks (S. D.), 234 N. W. 764. If the D'Lo Guaranty Bank, in its liquidation, turns out to be solvent, appellee and all other creditors will be paid in full with interest. On the other hand, if insolvent (as no doubt it is, otherwise it would not have gone into liquidation) appellee will be paid his just pro rata share of the assets of the bank; and if the result is that he loses the interest on his certificate of deposit, or the interest and part of the principal, it will not be the result of the obligation of his contract being impaired. Appellant's claim against the bank is in nowise abated by the suspending statute. If the assets of the failed bank are insufficient to pay all the depositors and creditors in full, they will still have valid claims against the bank for their unpaid balances. Both the old and the new bank guaranty statutes are mere police regulations; under them appellant acquired no contract rights, either with the state, or with the other state banks. Neither, for the same reason, did he acquire any vested right under the old statute which was in anywise taken away from him by the new statute.

Appellee's argument that the operation of the new statute is violative of the equality clause of the Fourteenth Amendment to the Federal Constitution is without any merit; and we do not think it is of sufficient gravity to call for discussion by the court.

Reversed and judgment here for appellant.